**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 1:21-cv-02392-RMR-MEH

DONALD KLEES and CAROLYNN KLEES,

      Plaintiffs,

v.

ARTHUR J. GALLAGHER & COMPANY, an Illinois corporation,

      Defendant.

---

## ORDER

Before the court is Defendant's Motion for Summary Judgment (ECF 63). The matter is fully briefed and is ripe for review. For the reasons that follow, Defendant's Motion is DENIED.

## I.  BACKGROUND[1]

This case involves underinsured property destroyed in the 2020 East Troublesome Fire. Plaintiffs Donald and Carolynn Klees own a ranch in Granby, Colorado. In May 2020, Plaintiffs obtained a property insurance policy from Westfield Insurance Company ("Westfield") through their insurance agent, Defendant Arthur J. Gallagher & Company ("Gallagher"). Approximately six months after Plaintiffs obtained the policy, the East Troublesome Fire burned down the main house and guest home. Although Westfield agreed to pay the full policy limits, the bids to rebuild both buildings far exceeded the

---

[1] The following facts are undisputed unless otherwise stated.

respective limits of insurance. Plaintiffs are thus underinsured for the losses of the main house and guest house.

Plaintiffs initiated this action on August 17, 2021, asserting one cause of action against Gallagher for negligence and one cause of action against Westfield for common-law bad faith.[2] Plaintiffs allege that Gallagher negligently failed to procure insurance coverage that matched that of their then-existing policy, as Plaintiffs had requested, and that Gallagher failed to obtain the policy that its agent sought and received authorization from Plaintiffs to place. As a result, Plaintiffs contend that they did not recover the same amount of insurance proceeds from Westfield that they would have if their prior policy had been left in place. Defendant seeks summary judgment on Plaintiffs' negligence claim, arguing that (1) Plaintiffs have failed to establish that Gallagher owed them a legal duty; (2) Plaintiffs suffered no damages as a result of Gallagher's alleged misconduct; and (3) any evidence of communications with deceased Gallagher representative Sid Veale is inadmissible pursuant to Colorado's Dead Man's Statute.

## II.    LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A fact is 'material if under the substantive law it is essential to the proper disposition of the claim.'" *Wright ex rel. Tr. Co. of Kan. v. Abbot Lab'ys, Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (quoting *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)); see also *Anderson*, 477 U.S. at 248 ("As to materiality, the

---

[2] On October 28, 2021, Plaintiffs voluntarily dismissed Defendant Westfield pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). ECF 20.

substantive law will identify which facts are material."). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; see also *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). "[T]he dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997); see also *Anderson*, 477 U.S. at 248. "To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell, Int'l, Inc.*, 366 F.3d 869, 876 (10th Cir. 2004).

"[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). However, "the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings" at this stage. *Adler*, 144 F.3d at 671. If the movant carries "the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law," then "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id*. at 670–71. Ultimately, the Court's inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one–sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for

that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249–50 (citations omitted).

### III.   ANALYSIS

A federal court sitting in diversity applies the substantive law of the forum state. *Bass Tr. of Andy Bass Fam. Tr. v. Tour 18 at Rose Creek, LP*, 795 F. App'x 613, 619 (10th Cir. 2020). Both parties agree that Colorado law applies here.

### 1.   Dead Man's Statute

The Court first addresses the purported evidentiary issues raised by the Dead Man's Statute, C.R.S. § 13-90-102. The statute provides in pertinent part that a party's testimony concerning "an oral statement of a person incapable of testifying" is generally inadmissible unless it satisfies one of the following circumstances:

a)  The testimony concerning the oral statement was made under oath;
b)  The testimony concerning the oral statement is corroborated by material evidence of a trustworthy nature;
c)  The opposing party introduces uncorroborated evidence of related communications through a party or person in interest with a party; or
d)  Such party or person testifies against his or her own interests.

C.R.S. § 13-90-102(1).

Defendant argues that the Dead Man's Statute prevents the Court from considering any evidence regarding what coverage Plaintiffs requested or authorized Gallagher's deceased agent, Sid Veale, to bind because such evidence "improperly refers to acts or transactions with a decedent that can no longer be verified." ECF 67 at 1; *see also* ECF 63 at 20–22. This argument misstates the scope and applicability of the Dead Man's Statute. By its plain terms, section 13-90-102 applies to uncorroborated testimony regarding *oral statements* made by a deceased person (or a person who is otherwise not competent to testify). Defendant's proffered interpretation finds no footing in the statutory

language or the "lengthy history of caselaw" on which it purports to rely.[3] Plaintiffs have produced numerous written communications from and to Mr. Veale that are relevant to the questions of what coverage Plaintiffs requested and what coverage Gallagher procured. *See* ECFs 66-1, 66-8, 66-9, 66-10, 66-11, 66-12, and 66-14. The Dead Man's Statute does not prevent the admission of such correspondence, nor does its application warrant summary judgment in Defendant's favor.

### 2. Duty of Care

"[T]he initial question in any negligence action is whether the defendant owed a legal duty to protect the plaintiff against injury." *HealthONE v. Rodriguez ex rel. Rodriguez,* 50 P.3d 879, 888 (Colo. 2002). "A negligence claim must fail if based on circumstances for which the law imposes no duty of care upon the defendant for the benefit of the plaintiff." *Univ. of Denver v. Whitlock*, 744 P.2d 54, 56 (Colo. 1987). Defendant argues that summary judgment is proper because Plaintiffs have not pled sufficient facts to establish that Gallagher owed them a legal duty of care. Defendant maintains that the "desired duty" Plaintiffs seek to impose—namely, that Gallagher "be an appraiser or insurer to assure that what Plaintiffs bought from a carrier would serve to pay whatever amount they would desire after a loss"—exceeds "any actual duty imposed by Colorado law." ECF 63 at 16. While Defendant's argument is correct in so far as it goes, it amounts to little more than a straw man.

Under Colorado law, insurance agents must act with reasonable care toward their insureds. *Kaercher v. Sater*, 155 P. 3d. 437, 441 (Colo. App. 2006). An agent or broker who agrees to an insured's request for a specific type of insurance owes a duty of

---

[3] Indeed, Defendant's omission of the actual language of the statute in its briefing is both telling and troubling.

reasonable care to the insured to either obtain that type of insurance or to notify the insured of their failure or inability to obtain the same. *Bayly, Martin & Fay, Inc. v. Pete's Satire, Inc.*, 739 P.2d 239, 243 (Colo. 1987) ("There is no question that an insurance broker or agent who agrees to obtain a particular form of insurance coverage for the person seeking such insurance has a legal duty to obtain such coverage or to notify the person of his failure or inability to do so."). The Tenth Circuit has likewise recognized that an insured's request to an agent or broker for a specific policy or coverage limit can incur obligations under the duty of reasonable care. *See Sewell v. Great N. Ins. Co.*, 535 F.3d 1166, 1171 (10th Cir. 2008) (holding that an agent is under no obligation to discuss excess coverage "absent a request" from the insured).

Defendant's arguments misunderstand the nature and scope of the duty that Plaintiffs assert they were owed. Plaintiffs have alleged that Gallagher sent them a quote for a replacement insurance policy from Westfield that Gallagher warranted "matched" their existing coverage, when in fact it did not because it did not include the inflation protection coverage that was contained in their prior policy. Plaintiffs have further alleged that they requested and authorized Gallagher to obtain a policy with a $1,697,000 dwelling coverage limit, but Gallagher caused Westfield underwriting to drop the limit to $1.4 million without Plaintiffs' knowledge or approval. Reviewed in the light most favorable to Plaintiffs, the Court finds that genuine issues of material fact exist concerning the information that was communicated to and from Gallagher in connection with procuring the policy. It is not for the Court to decide at this stage the credibility of witnesses or the weight to give each piece of evidence. The jury is best positioned to make such determinations. *See Excel Constr. Grp. v. GuideOne Mut. Ins. Co.*, No. 1:20-CV-03848-

6

RMR-SKC, 2023 WL 2574373, at *2 (D. Colo. Mar. 20, 2023*)*. Summary judgment is therefore inappropriate on this basis.

### 3.    Damages

Finally, Defendant argues that it is entitled to judgment as a matter of law because Plaintiffs have failed to produce evidence that they suffered damages due to Gallagher's conduct. "In assessing damages based on an insurance agent's negligence and failure to procure coverage, the measure is the amount of coverage available had the policy been obtained as promised." *Pete's Satire, Inc. v. Com. Union Ins., Co.*, 698 P.2d 1388, 1390–91 (Colo. App. 1985), *aff'd sub nom. Bayly, Martin & Fay, Inc. v. Pete's Satire, Inc.*, 739 P.2d 239 (Colo. 1987).

Defendant asserts that "Plaintiffs cannot establish that they were entitled to unlimited payments to cover the rebuilding of their property," and that "[t]he Plaintiffs' decisions on how much money they spent to rebuild their property and the costs of such a rebuild are not attributable to Gallagher." ECF 63 at 4. Once again, Defendant's arguments are seemingly founded on an inaccurate premise. Plaintiffs allege that they incurred damages as a result of Gallagher's failure to obtain a policy that "matched" the material conditions of their prior policy and/or the failure to obtain a policy with the coverage limit that Plaintiffs authorized. Disputed issues of material fact remain regarding the coverage requests conveyed by Plaintiffs and the representations made by Defendant in procuring the Westfield policy. Based on this record, it is for a jury to decide whether and to what extent Plaintiffs incurred damages as a result of Defendant's conduct. Accordingly, summary judgment is not proper.

## IV.    CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF

63, is DENIED.

DATED: December 1, 2023

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge